# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SHEENA M. BEALS,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN, Acting Commissioner Of Social Security,<br><br>               Defendant. | Case No. 2:13-cv-00773-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Sheena Beals appealed the Commissioner's denial of her benefits applications. After she filed an opening brief, the Commissioner stipulated to remanding the matter for further proceedings. Dkt. 19. The Honorable John C. Coughenour adopted the recommendation the stipulation be granted, reversed the Commissioner, remanded the matter for further administrative proceedings, and entered judgment in favor of Ms. Beals. Dkt. 20-22.

Ms. Beals now moves for $5,783.05 in attorney's fees and $66.20 in costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 23, 26. The Commissioner concedes Ms. Beals is entitled to costs, and EAJA attorney's fees, but argues her attorney's fees request is unreasonably high and should be reduced to $3,469.83. Dkt. 25 at 2. Having reviewed the parties' pleadings and the record, the Court recommends Ms. Beals be awarded $5,783.05 in

REPORT AND RECOMMENDATION - 1

attorney's fees and $66.20 in costs.

**DISCUSSION**

Although the Commissioner concedes Ms. Beals is entitled to EAJA attorney's fees, she contends the request is unreasonably high. In specific, the Commissioner argues counsel's law firm represented Ms. Beals in the proceedings below and thus should have been familiar with the administrative record and the issues presented in the opening brief filed with this Court. Dkt. 25. "[I]n light of counsel's familiarity with this matter through the administrative process," the Commissioner contends the 14.1 hours counsel spent reviewing the administrative record and the 11.4 hours spent preparing the opening brief are excessive and should be reduced by 10 hours. *Id.* at 4.

As the party opposing the fee request, the Commissioner bears the burden of rebuttal, *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992), and must show the fee request is "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This burden is met by submitting evidence to the district court undermining the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party. *Gates*, 987 F.2d at 1397. The Commissioner has failed to meet this burden.

First, a court generally should defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). As the Court in *Moreno* noted, "[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Id*. at 1112.

Second, the Commissioner's argument about counsel's familiarity with the record touches on the prohibition on billing for duplicative work, implying that counsel is not properly

billing for new work, but is improperly billing for matters with which she is already familiar. Courts, however, recognize that "the vicissitudes of the litigation process" will require lawyers to duplicate tasks. *Id*. at 1113. Hence, even if counsel's work were duplicative, in some respects, that "should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Id*.

And third, there is nothing inherently unreasonable about Ms. Beals's fee request. Certainly one could argue that a bit here and bit there could be shaved off. The Court, however, declines to do so because the argument could be made in every case, and thus is a poor barometer for the reasonableness of a fee request. Moreover, the Commissioner does not seek a mere trimming—a reduction of 5-10%—but instead asks the Court to lop off approximately 40% (10 hours from the requested 25.4 hours) of Ms. Beals's request.

## CONCLUSION

Accordingly, the Court recommends Ms. Beals be awarded $5,783.05 in attorney's fees and $66.20 in costs. If this recommendation is adopted, Ms. Beals has submitted a proposed order for the District Court to review and utilize. *See* Dkt. 26.

Objections to this Report and Recommendation must be filed no later than **January 13, 2014.** If no objections are filed, the Clerk should note the matter for **January 17, 2014** as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses

///

///

///

REPORT AND RECOMMENDATION - 3

shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 30th day of December, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge